### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

**VOLKSWAGEN GROUP OF AMERICA, INC.,**

**Plaintiff,**

**v.**

**ANDY VARONA and VEROTEC WHEELS, INC.,**

**Defendants.**

Civil Action No. _____

### VERIFIED COMPLAINT

Plaintiff Volkswagen Group of America, Inc. ("VWGoA" or "Plaintiff"), on behalf of Audi AG, alleges as follows for its complaint against Defendants Andy Varona and Verotec Wheels, Inc. (collectively, "Defendants").

### NATURE OF THE SUIT

1.      This is a civil action for trademark infringement, trademark counterfeiting, trademark dilution, false designation of origin, and unfair competition under the Lanham Act. 15 U.S.C. §§ 1114, 1116, 1117, 1125(a).

2.      This is also a civil action for patent infringement arising under the patent laws of the United States, including, but not limited to, 35 U.S.C. §§ 101, *et seq*., including 35 U.S.C. § 271.

3.      Plaintiff files this action against Defendants that trade upon Audi's world-renowned reputation by selling unauthorized and unlicensed counterfeit products and using counterfeit versions of Audi's federally-registered trademarks. Plaintiff has been, and continues

to be, irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademarks as a result of Defendants' willful actions and seeks injunctive and monetary relief.

4.      Plaintiff also files this action against Defendants based upon Defendants' infringement of United States Design Patent No. D721,028 S (the "'028 patent") by importing, manufacturing, offering for sale, and/or selling products incorporating the design of the '028 patent. Such infringement is both deliberate and willful.

5.      Plaintiff's claims against the Defendants are based on: (1) the Defendants' misuse of Audi's federally-registered trademarks to market and sell counterfeit products; (2) the Defendants' advertising, offer for sale, and actual sales of such products to consumers in this Judicial District; (3) the Defendants' use of instrumentalities in this District to promote and sell counterfeit products including through use of online marketplaces, such as eBay, via Defendants' eBay seller account "oemwheelsdirect"; and (4) Defendants' infringement of the '028 patent.

## THE PARTIES

6.      Plaintiff Volkswagen Group of America, Inc. ("VWGoA") is a New Jersey corporation with its principal place of business in Herndon, Virginia.

7.      Audi AG is a corporation organized under the laws of Germany with its principal place of business in Ingolstadt, Germany. Audi AG is a world-famous automobile manufacturer that, through Plaintiff, sells Audi automobiles and genuine parts and accessories ("Audi Products") through a network of licensed Audi dealerships in Florida and throughout the United States. Under agreement with Audi AG, Plaintiff polices and enforces Audi's trademarks in the United States. Plaintiff Volkswagen Group of America, Inc. and Audi AG are referred to herein, together, or individually as "Audi."

8.      Defendant Verotec Wheels, Inc. is a Florida corporation with its principal place of business at 6619 South Dixie Highway #243, Miami, Florida 33143. A true and correct copy of

Verotec Wheels Inc.'s corporation profile from the Florida Department of State website is attached to the Verified Complaint as Exhibit 1.

9.     Defendant Andy Varona (aka Hector Andy Varona and Hector DeVarona) is an individual and the CEO of Defendant Verotec Wheels, Inc., and is a moving, conscious, and active force behind the infringing acts, and actively participated in and approved the acts of infringement as alleged herein. On information and belief, Defendant Varona resides in Miami, Florida.

## JURISDICTION AND VENUE

10.     This Court has original subject matter jurisdiction over the claims in this action pursuant to 15 U.S.C. § 1051, *et seq.*, 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a)-(b).

11.     The Defendants have targeted sales to Florida residents by operating an Online Store that offers shipping within the United States, including Florida and this District, and accepts payment in U.S. dollars. Plaintiff confirmed, via test purchases made by Plaintiff's investigators, that the Defendants ship their infringing and counterfeit products to residential addresses in this District. On information and belief, the Defendants have sold additional products, beyond those purchased by Plaintiff's investigators, that infringe the '028 patent or bear counterfeit versions of Audi's federally-registered trademarks to residents of Florida. The Defendants are committing tortious acts in Florida, are engaging in interstate commerce, and have wrongfully caused Plaintiff substantial injury in the State of Florida.

12.     This Court has personal jurisdiction over Defendants because they have committed and continue to commit acts of infringement in violation of 35 U.S.C. § 271 in this District, and place infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of Florida, including in this District. The

3

acts by Defendants cause injury to Plaintiff within this District. Upon information and belief, Defendants derive substantial revenue from the sale of infringing products within this District, expect their actions to have consequences within this District, and derive substantial revenue from interstate commerce.

13.     Defendants acts of infringement giving rise to this cause of action occur in this District, including Defendants' acts in violation of 35 U.S.C. § 271. Defendant Verotec Wheels, Inc. is a Florida corporation registered with the Florida Department of State, with its principle place of business in Miami, Florida. *See* Exhibit 1. On information and belief, Defendant Varona resides in Miami, Florida.

14.     Venue is proper over Defendants in this Court pursuant to 28 U.S.C. § 1391(b) and (c), and 28 U.S.C. § 1400(b).

## FACTUAL BACKGROUND

15.     Audi is a world-famous automobile manufacturer that sells Audi automobiles and genuine parts and accessories through a network of licensed Audi dealerships. In addition to the physical car lots operated by its licensees, Plaintiff also operates various websites, including without limitation *audiusa.com* and *audicollectionusa.com*, through which consumers can purchase genuine Audi parts, automotive accessories, and personal goods directly from Audi.

16.     Audi uses its trademarks in connection with the marketing of Audi vehicles, accessories, parts, and services. Audi is the owner of numerous federally-registered trademarks for automobiles, parts, accessories, and a long list of related services and merchandise, including the following representative sample, collectively referred to as the "Audi Trademarks":

4

| Registration No. | Mark | Reg. Date | Date of First Use in Commerce | Relevant Goods/Services |
|---|---|---|---|---|
| 0906525 | | January 26, 1972 | June 1955 | Automobiles; Automobile engines |
| 3007305 | | October 18, 2005 | December 31, 1970 | Automobile wheels |
| 3201037 | | January 23, 2007 | January 22, 1936 | Automobiles and structural parts therefor |
| 0708352 | AUDI | December 13, 1960 | 44(E) | Automobiles and structural parts thereof |
| 2083439 | **Audi** | July 29, 1997 | April 1995 | Automobiles and structural parts therefor; Automobile dealership services |
| 4284786 | **Audi** | February 5, 2013 | 44(E) | Vehicles and their structural parts; Repair maintenance and servicing of vehicles |
| 4995364 | AUDI | July 12, 2016 | 66(A) | Motor vehicle maintenance, repair, and servicing |

17.    Audi's world-famous and distinctive trademarks symbolize the Audi brand and its

marketability, reputation, and goodwill. Audi first registered AUDI as a trademark with the

United States Patent and Trademark Office (or "USPTO") in 1960 (U.S. Reg. No. 0,708,352),

and has subsequently obtained numerous other registrations for that mark. Audi first registered

the AUDI RINGS trademark with the USPTO in 1971 (U.S. Reg. No. 0,906,525) and has also

obtained numerous other registrations for that mark. True and correct "status" copies of the Audi

Trademark registrations, obtained from the Trademark Status Document Retrieval (TSDR)

database of the United States Patent and Trademark Office, are attached hereto as Exhibit 2.

Audi's registrations for the Audi Trademarks are valid, unrevoked, subsisting, and many are

incontestable. These registrations constitute *prima facie* evidence of Audi's exclusive ownership of the Audi Trademarks pursuant to 15 U.S.C. § 1057(b).

18.    Audi extensively and continuously uses the Audi Trademarks on advertisements, vehicles, automobile accessories, apparel, and other products to identify the source of Audi's goods and services. In addition to producing high-quality vehicles, Audi produces automotive parts and accessories for its vehicles, including without limitation, wheels that bear or are in the form of the AUDI RINGS mark. Defendants' counterfeit merchandise competes directly with Audi's genuine goods.

19.    Audi has spent hundreds of millions of dollars and has expended significant effort in advertising, promoting, and developing the Audi Trademarks throughout the world. As a result of such advertising and expenditures, Audi has established considerable goodwill in its trademarks. The distinctive Audi Trademarks have become widely known and recognized throughout the world as a symbol of high quality automotive goods and services. The goodwill associated with the Audi Trademarks is of incalculable and inestimable value to Audi.

20.    Audi has further protected its innovative designs through design patents issued by the United States Patent and Trademark Office (the "USPTO"), including but not limited to the asserted design patent, D721,028 S (the "'028 patent"). A true and correct copy of the '028 patent is attached to the Verified Complaint as Exhibit 3.

21.    Audi owns the '028 patent, titled "Vehicle Wheel Rim," which was duly issued on January 13, 2015 by the USPTO.

### *Defendants' Violations of the AUDI RINGS mark*

22.    On information and belief, Defendants registered the eBay seller ID "oemwheelsdirect," through which Defendants advertise, offer for sale, and sell wheels bearing

6

counterfeits of Audi's world-famous trademarks, including, but not limited to, the AUDI RINGS trademark.

23.     As of June 2019, the eBay store "oemwheelsdirect" had 35 counterfeit Audi wheel sets for sale. Each wheel had the AUDI RINGS mark on the center wheel cap and the product descriptions indicated that the wheels and center wheel caps were "OEM," representing to consumers that the wheels were manufactured by Audi. A true and correct copy of a printout of the "oemwheelsdirect" eBay store webpage listing Defendants' products for sale is attached to the Verified Complaint as Exhibit 4.

24.     Each product offered for sale on the "oemwheelsdirect" eBay store contained the following disclaimer in its description: "many brands and designs are from direct supplier and manufacturers for trade show purposes only and are not sold through the dealers nor owned by them as OEM thus why you are getting over a 70% savings on most brands."

25.     In June 2019, Plaintiff was informed that Defendants were suspected of operating a counterfeiting ring, and importing and selling counterfeit parts and accessories bearing the Audi Trademarks in the United States. Plaintiff began an investigation of Defendants at that time.

26.     In July 2019, Plaintiff's investigator purchased infringing and counterfeit products from the "oemwheelsdirect" eBay store to determine their authenticity, among other things.

27.     In July 2019, the Defendants shipped the goods purchased by Plaintiff's investigator to a residential address in Florida. True and correct copies of the mailing labels for each item are attached to the Verified Complaint as Exhibit 5. True and correct copies of photographs of Defendants' products, including counterfeit AUDI RINGS, as received by the investigator, are shown in Exhibit 6.

FIELDS HOWELL LLP | 9155 SO. DADELAND BLVD. | SUITE 1012| MIAMI, FL 33156|T: 786-870-5600 | F: 855-802-5821

28.     Plaintiff has inspected the goods sold by the Defendants and have confirmed that they are counterfeit.

| Audi Trademark<br>U.S. Reg. No. 3,201,037 | Infringing and Counterfeit<br>Product |
|---|---|
|  |  |

29.     As shown above, Defendants' infringing and counterfeit wheel product that was advertised, offered for sale, and sold via the eBay store "oemwheelsdirect" bears the world-famous Audi Trademarks, including, but not limited to, the AUDI RINGS mark.

30.     Defendants are in no way affiliated with, authorized by, or sponsored by Audi, and have no authority to use the Audi Trademarks to identify the goods and services that they advertise, promote, or sell. Nor are Defendants authorized to make, use, sell, offer to sell, or import products using the Audi Marks.

31.     The Defendants facilitate their sales by falsely stating on the "oemwheelsdirect" eBay store that their products are "authentic," "OEM," and "factory"—which they are not.

32.     The Defendants further deceive consumers by using the Audi Trademarks and images of Audi's automobiles on the "oemwheelsdirect" eBay store, while using strategic item titles and descriptions that will trigger their listings when consumers enter Internet search terms for Audi Products.

8

33.     Defendants' use of the Audi Trademarks in conjunction with the manufacture, importation, advertisement, promotion, and sale of their unauthorized products bearing the Audi Trademarks constitutes misappropriation of the Audi Trademarks, and is likely to cause potential purchasers of Defendants' products and services, as well as the public at large, to believe that Defendants' products are affiliated with, authorized, sponsored, or endorsed by Audi. In addition, Defendants' wrongful use of the Audi Trademarks, or confusingly similar versions thereof, dilutes, tarnishes, and whittles away the distinctiveness of the Audi Trademarks.

34.     Defendants continue to use the Audi Trademarks, and/or intentionally similar versions thereof, willfully with actual knowledge of Audi's prior adoption and use of the Audi Trademarks and with the intent to mislead and deceive consumers and the general public. In so doing, Defendants have caused irreparable damage to the Audi Trademarks and to Audi's goodwill and reputation.

35.     Audi exercises great care and exerts substantial effort to control the nature and quality of the genuine goods and services offered under the Audi Trademarks.

36.     Defendants are not subject to Audi's quality control specifications, and do not pay royalties to Audi.

37.     Defendants' unauthorized use of the Audi Trademarks, or confusingly similar versions thereof, is likely to cause confusion as to the source and/or sponsorship of Defendants' products and services. In addition, Defendants' unauthorized use of the Audi Trademarks, as alleged above, dilutes and blurs the distinctiveness of the marks.

38.     Based on experience, Plaintiff is informed and believes that unless this Court enters a preliminary and permanent injunction in this case, Defendants will simply dispose of or divert the counterfeit goods bearing the Audi Trademarks and all evidence relating to the

manufacture, importation, advertisement, and sale of the counterfeit goods, and will disclaim any knowledge of the persons from whom they bought and to whom they sold such counterfeit goods.

### *Defendants' Infringement of the '028 Patent*

39.     In recognition of the commercial success of the wheel design of the '028 patent, Defendants copied the '028 patent design. The design of Defendants' wheels is the same, or substantially the same, as the design of the '028 patent. The designs are so similar as to be nearly identical such that an ordinary observer, giving such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the designs so as to be induced to purchase Defendants' products believing them to be substantially the same as the design protected by the '028 patent.

40.     As the side-by-side comparison below reveals, Defendants have misappropriated Audi's patented vehicle wheel rim designs, constituting infringement of the '028 patent.

| U.S. Design Patent D721,028 S | Infringing and Counterfeit Product |
|---|---|
|  | |

41.     As shown above, Defendants' wheel has a design that is the same, or substantially the same as the design of the '028 patent.

42.     Audi has not granted a license or any other authorization to Defendants to make use, offer for sale, sell, or import wheels that embody the design patented in the '028 patent which is proprietary to Audi.

43.     In spite of the rights of Plaintiff, Defendants willfully and knowingly infringed Plaintiff's rights, including as to the '028 patent.

44.     Defendants' wrongful conduct and infringing activities will continue unless enjoined by this Court.

## COUNT I: TRADEMARK INFRINGEMENT AND COUNTERFEITING
## (15 U.S.C. § 1114)

45.     Plaintiff hereby re-alleges and incorporates by reference the general allegations set forth above in Paragraphs 1-44.

46.     The present action against the Defendants is in-part based on their unauthorized use in commerce of infringing and counterfeit imitations of the federally-registered Audi Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods.

47.     The Audi Trademarks are distinctive.

48.     The Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using the Audi Trademarks without Plaintiff's permission.

49.     Audi's United States registrations for its trademarks are in full force and effect. *See* Exhibit 2. Upon information and belief, the Defendants have knowledge of Audi's rights in the Audi Trademarks and are willfully infringing, and intentionally using the Audi Trademarks. The Defendants' willful, intentional, and unauthorized use of the Audi Trademarks is likely to

cause, and is causing, confusion, mistake, and deception as to the origin and quality of the infringing and counterfeit products among the general public.

50.     The Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act. 15 U.S.C. § 1114.

51.     Defendants' use of the Audi Trademarks, or confusingly similar variations thereof, have been and continue to be done with the intent to cause confusion, mistake, and to deceive consumers and members of the public concerning the source and/or sponsorship of Defendants' products and services. Defendants use the Audi Trademarks in connection with their counterfeit products with the knowledge that their use of the Audi Trademarks is unauthorized. Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

52.     Plaintiff has no adequate remedy at law, and if the Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its marks.

53.     The injuries and damages sustained by Plaintiff have been directly and proximately caused by the Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of the counterfeit products.

54.     As a direct and proximate result of Defendants' conduct, Plaintiff is entitled to the equitable remedy of an accounting for, and a disgorgement of, all revenues and/or profits wrongfully derived by Defendants from their infringing and diluting use of the Audi Trademarks pursuant to 15 U.S.C. § 1117. Alternatively, Plaintiff is entitled to statutory damages pursuant to 15 U.S.C. § 1117(c) of not less than $1000 and up to $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed.

## COUNT II: FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP
## AND FALSE ADVERTISING
## (15 U.S.C. § 1125(a))

55.     Plaintiff hereby re-alleges and incorporates by reference the general allegations set forth above in Paragraphs 1-44.

56.     Defendants have knowingly used the Audi Trademarks, or confusingly similar variations thereof, in connection with the products and services that Defendants manufacture, import, advertise, promote, and sell. Defendants' actions render this case exceptional within the meaning of 15 U.S.C. § 1117(a).

57.     Defendants use the Audi Trademarks, and/or confusingly similar variations thereof, in connection with counterfeit goods that they import and sell to consumers in the United States.

58.     Defendants' use of the Audi Trademarks is likely to confuse, mislead, or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Defendants' services and products, and is likely to cause such people to mistakenly believe that Defendants are in some way affiliated with Audi and that their counterfeit products and services have been authorized, sponsored, approved, endorsed, or licensed by Audi.

59.     Defendants' acts constitute false or misleading descriptions, false advertising, and false designations of the origin and/or sponsorship of Defendants' goods in violation of Section 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a).

60.     Plaintiff has no adequate remedy at law, and if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputations and the associated goodwill of the Audi Trademarks.

61.     As a direct and proximate result of Defendants' conduct, Plaintiff is entitled to the equitable remedy of a preliminary injunction, a permanent injunction, an accounting for, and a disgorgement of, all revenues and/or profits wrongfully derived by Defendants from their infringing and diluting use of the Audi Trademarks pursuant to 15 U.S.C. § 1117.

## COUNT III: TRADEMARK DILUTION
## (15 U.S.C. § 1125(c))

62.     Plaintiff hereby re-alleges and incorporates by reference the general allegations set forth above in Paragraphs 1-44.

63.     The Audi Trademarks have become famous and distinctive worldwide through Plaintiff's continuous and exclusive use of them in connection with Audi's products and services.

64.     Because Audi's products and services have gained a reputation for superior quality, durability, and performance, the Audi Trademarks have gained substantial renown.

65.     Defendants have willfully and intentionally used and continue to use the Audi Trademarks, or confusingly similar variations thereof, in connection with the advertisement, promotion, and sale of Defendants' products and services.

66.     Defendants' use of the Audi Trademarks, and confusingly similar variations thereof, has caused and continues to cause irreparable injury to and actual dilution of the Audi Trademarks' distinctive quality in violation of Audi's rights under 15 U.S.C. § 1125(c). Defendants' wrongful use of the Audi Trademarks dilutes, blurs, tarnishes, and whittles away the distinctiveness of the Audi Trademarks.

67.     Defendants have used and continue to use the Audi Trademarks, and confusingly similar variations thereof, willfully and with the intent to dilute the Audi Trademarks, and with the intent to trade on Audi's reputation and the goodwill inherent in the Audi Trademarks.

14

68.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered irreparable harm to the Audi Trademarks.

69.     Unless Defendants are enjoined, the Audi Trademarks will continue to be irreparably harmed and diluted. Plaintiff has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendants' actions are allowed to continue.

70.     Defendants have used and continue to use the Audi Trademarks, or counterfeits thereof, willfully, with the intent to dilute the Audi Trademarks and trade on Audi's reputation and goodwill. Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 1111(a).

71.     As a direct and proximate result of Defendants' conduct, Plaintiff is entitled to the equitable remedy of an accounting for, and a disgorgement of, all revenues and/or profits wrongfully derived by Defendants from their infringing and diluting use of the Audi Trademarks pursuant to 15 U.S.C. § 1117.

## COUNT IV: INFRINGEMENT OF
## UNITED STATES DESIGN PATENT NO. D721,028 S

72.     Plaintiff hereby re-alleges and incorporates by reference the general allegations set forth above in Paragraphs 1-44.

73.     Audi's United States Design Patent D721,028 S (the "'028 patent") is valid and enforceable.

74.     Audi is the owner of all right, title, and interest in and to the designs covered by the '028 patent, and Audi is entitled to receive all damages and the benefits of all other remedies for Defendants' infringement.

75.     Without permission or authorization from Audi, Defendants have imported, manufactured, used, offered for sale, and/or sold and continue to import, manufacture, use, offer

FIELDS HOWELL LLP | 9155 SO. DADELAND BLVD. | SUITE 1012 | MIAMI, FL 33156 | T: 786-870-5600 | F: 855-802-5821

for sale, and/or sell including, without limitation, the infringing products, which embody the design covered by the '028 patent.

76.     Defendants' infringing products contain each and every aspect of the claimed designs in the '028 patent.

77.     Defendants' infringing products have an overall appearance that is confusingly similar to the claimed designs in the '028 patent.

78.     Defendants' infringing products have an overall appearance that is substantially the same as the claimed designs in the '028 patent.

79.     Defendants have actual notice of the '028 patent since at least November 22, 2019.

80.     Defendants' infringement of the '028 patent has been and continues to be willful.

81.     Defendants' conduct has caused and will continue to cause Plaintiff substantial damage, including irreparable harm, for which Plaintiff has no adequate remedy at law, unless and until Defendant is enjoined from infringing the '028 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A.     Under all claims for relief, that a preliminary and permanent injunction be issued enjoining Defendants, their employees, agents, successors and assigns, and all those in active concert and participation with Defendants, and each of them who receives notice directly or otherwise of such injunctions, from:

(1)     imitating, copying, or making unauthorized use of any of the Audi Trademarks, counterfeits thereof, or any confusingly similar variations thereof;

(2)     importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying any service or product using any

simulation, reproduction, counterfeit, copy, or any confusingly similar variation of any of the Audi Trademarks;

(3)     using any simulation, reproduction, counterfeit, copy, or confusingly similar variation of the Audi Trademarks, or trade in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation, or distribution of any service or product;

(4)     using any false designation of origin or false description, including without limitation, any letters or symbols constituting the Audi Trademarks, or performing any act, which can, or is likely to lead members of the trade or public to believe that Defendants and/or any service or product manufactured, distributed or sold by Defendants is in any manner associated or connected with Audi, or is sold, manufactured, licensed, sponsored, approved, or authorized by Audi;

(5)     transferring, consigning, selling, shipping, or otherwise moving any goods, packaging or other materials in Defendants' possession, custody or control bearing a design or mark substantially similar to the Audi Trademarks;

(6)     engaging in any other activity constituting unfair competition with Audi with respect to the Audi Trademarks, or constituting an infringement of any or all of the Audi Trademarks, or of Audi's rights in, or to use or exploit, any or all of the Audi Trademarks;

(7)     registering, trafficking in, or using any domain names incorporating the Audi Trademarks, or any confusingly similar variations thereof; and

(8)     instructing, assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (1) through

(7) above.

B.     Under all claims for relief, for an order enjoining Defendants from selling, distributing, discarding, giving away, or otherwise disposing of Defendants' counterfeit goods bearing the Audi Trademarks, and requiring Defendants to sequester said counterfeit goods, including without limitation, any wheels or other goods bearing the Audi Trademarks as described in this Verified Complaint in a separate and safe location at Defendants' place or places of business, as well as all business records related thereto, including any computers or other digital media containing such business records to be made available for Plaintiff and its representatives to examine, photograph, and/or copy any such goods and information;

C.     For an order directing Defendants to deliver to Plaintiff and its counsel for destruction all products, labels, tags, signs, prints, packages, videos, and advertisements in their possession or under their control, bearing or using any or all of the Audi Trademarks or any confusingly similar variation thereof, and all plates, molds, matrices and other means of making the same, pursuant to 15 U.S.C. § 1118.

D.     For an order directing such other relief as the Court may deem appropriate to prevent consumers and the public in general from deriving the erroneous impression that any service or product manufactured, sold or otherwise circulated or promoted by Defendants is authorized by Plaintiff or related in any way to Audi's products or services.

E.     For an order directing Defendants to file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the above.

F.     For an order permitting Plaintiff, and/or auditors for Plaintiff, to audit and inspect the books and records of Defendants for a period of six months after entry of final relief in this

matter to determine the scope of Defendants' past use of the Audi Trademarks, including all revenues and sales related to Defendants' use of the Audi Trademarks, as well as Defendants' compliance with orders of this Court.

G.      For an award of Plaintiff's costs and disbursements incurred in this action, including Plaintiff's reasonable attorneys' fees under 15 U.S.C. § 1117(a).

H.      For an order requiring Defendants to file with the Court and provide to Plaintiff an accounting of all sales and profits realized through Defendants' use of the Audi Trademarks and any counterfeits thereof.

I.      For judgment in an amount equivalent to three times Defendants' profits and reasonable attorneys' fees because of Defendants' intentional, willful and knowing use of counterfeits of the Audi Trademarks pursuant to 15 U.S.C. § 1117(b).

J.      In the alternative, that Plaintiff be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the Audi Trademarks.

K.      For an award of interest, including pre-judgment interest on the foregoing sums.

L.      For a judgment that Defendants have infringed the '028 patent.

M.      For a preliminary and permanent injunction enjoining Defendants and their agents, officers, directors, employees and all persons in privity or active concert or participation with them, directly or indirectly, from infringing, inducing others to infringe, or contributing to the infringement of the '028 patent.

N.      For a judgment and award that Defendants account for and pay to Plaintiff damages adequate to compensate for Defendants' infringement of the '028 patent, including lost profits but in no event less than a reasonable royalty.

FIELDS HOWELL LLP | 9155 SO. DADELAND BLVD. | SUITE 1012 | MIAMI, FL 33156 | T: 786-870-5600 | F: 855-802-5821

O.    For a judgment and award of Defendants' total profits in an amount subject to proof at trial, pursuant to 35 U.S.C. § 289.

P.    For a judgment and award of any supplemental damages sustained by Plaintiff for any continuing post-verdict infringement of the '028 patent until entry of final judgment with an accounting as needed.

Q.    For a finding that Defendants' infringement is willful and an award of increased damages for willful infringement pursuant to 35 U.S.C. § 284.

R.    For an order finding that this case is exceptional case under 35 U.S.C. § 285 and awarding Audi its costs, expenses, and disbursements incurred in this action, including reasonable attorneys' fees as available by law to be paid by Defendants;

S.    For an award of Plaintiff's costs and disbursements incurred in this action, including Audi's reasonable attorneys' fees under 15 U.S.C. § 1117(a).

T.    For an order requiring Defendants to file with the Court and provide to Plaintiff an accounting of all sales and profits realized through Defendants' use of the Audi Trademarks in connection with any of Defendants' counterfeit goods.

U.    For such other and further relief as the Court may deem just and proper.

Date: November 22, 2019

Respectfully submitted,

*/s/ Armando P. Rubio*
Armando P. Rubio (Fla. Bar No. 478539)
FIELDS HOWELL LLP
9155 S. Dadeland Blvd., Suite 1012
Miami, FL 33156
Phone: 786.870.5610
Fax: 855.802.5821
arubio@fieldshowell.com

*Of Counsel:*

Nicholas J. Nowak (*pro hac vice pending*)
Monica Riva Talley (*pro hac vice pending*)
Daniel S. Block (*pro hac vice pending*)
Matthew M. Zuziak (*pro hac vice pending*)
STERNE KESSLER GOLDSTEIN & FOX, P.L.L.C.
1100 New York Ave., N.W., Suite 600
Washington, D.C. 20005-3934
Telephone No.: (202) 371-2600
Facsimile No.: (202) 371-2540
mtalley@sternekessler.com
nnowak@sternekessler.com
dblock@sternekessler.com
mzuziak@sternekessler.com

*Attorneys for Plaintiff Volkswagen Group of America, Inc.*

## VERIFICATION OF VERIFIED COMPLAINT

I, _Russell Tackisky_, under penalty of perjury of the laws of the United States declare:

I am employed by Volkswagen Group of America, Inc. as _Manager, hub. Svts_ and I have read, and am familiar with, and have personal knowledge of the contents of the foregoing Verified Complaint; and that the allegations thereof are true and correct or, to the extent that matters are not within my personal knowledge, that the facts stated therein have been assembled by authorized personnel, including counsel, and that I am informed that the facts stated therein are true and correct.

Executed on November 11, 2019